IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC LEE PROSHA,**

      **Plaintiff,**

v.                                                **Civil Action No. 3:22CV183**

**LT. COLEMAN,** *et al.,*

      **Defendants.**

**<u>MEMORANDUM OPINION</u>**

Eric Lee Prosha, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this civil rights action. The matter is before the Court on Prosha's failure to serve Defendants Luong and Milot within the time required by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), Prosha had ninety days from the filing of the complaint to serve Defendants. Here, that period commenced on August 25, 2022.[2] By Memorandum Order entered on that date, the Court attempted to serve all Defendants pursuant to a service agreement with the Attorney General's Office for the Commonwealth of Virginia. On September 15, 2022, the Attorney General's Office stated that it could not accept service for

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Dr. Dau Loung because he was not an employee of the Virginia Department of Corrections, but it agreed to provide his last known address under seal. (ECF No. 15, at 1.) Additionally, the Attorney General's Office stated it could not accept service for Dr. William L. Milot because it was unable to identify this Defendant. (ECF No. 15, at 1.) The Marshal thereafter attempted to serve Defendant Luong at the address provided by the Attorney General's Office. (ECF No. 25, at 1.) However, the summons was returned unexecuted because Defendant Loung no longer worked at the Greensville Correctional Center. (ECF No. 25, at 1.; *see also* ECF No. 18, at 1.) By Memorandum Order entered on December 13, 2022, the Court directed Prosha to show good cause for his failure to timely serve Defendants Loung and Milot. (ECF No. 26.)

Prosha responded and apologized for not serving Defendants Luong and Milot. (ECF No. 27, at 1.) Prosha explained that he has been suffering from a shoulder injury and had lost the financial support of his family. (ECF No. 27, at 1.)

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 90-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit have found good cause to extend the 90-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases). Here, Prosha failed to make "reasonable, diligent efforts to effect service" on Defendants Luong and Milot. *Venable*, 2007 WL 5145334, at *1 (quoting *Hammad*, 31 F. Supp. 2d at 528). Because

2

Prosha fails to demonstrate good cause for his failure to serve Defendants Luong and Milot, all claims against Defendants Luong and Milot will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 1/12/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge